# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| DAVID LETTIERI, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-cv-1575-MAL |
| KEEFE GROUP, *et al.*, | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff David Lettieri's complaint and motion to proceed *in forma pauperis*. For the reasons below, the Court will deny Lettieri's motion and give him twenty-one (21) days to pay the $405 filing fee.

**I.   Background**

Lettieri is incarcerated in the Federal Medical Center, Devens ("FMC Devens") in Ayer, Massachusetts serving a 240-month sentence imposed in the Western District of New York after a jury found him guilty of one count of enticement of a minor. *See United States v. Lettieri*, No. 1:21-cr-00020 (W.D.N.Y. May 28, 2024). Lettieri filed the instant complaint against Keefe Group, the Bureau of Prisons, FMC Devens, and three individuals he appears to identify as B. Chunutu, D. English, S. Gondalaz, and Sabrina Carpenter.

According to Lettieri, he purchased a song by Defendant Sabrina Carpenter titled "Christmas the Whole Year Round" on Christmas Day, but a "download 'issue'" prevented him from downloading it until the day after. (Doc. 1 at 2). Lettieri writes: "Thus had denial to the right of having a song purchased. Thus

denied a holiday matter." *Id.* Lettieri alleges he met with B. Chunutu, D. English, and S. Gondalaz about filing grievances, but says he was threatened that "if continue to do such would be transfer to possibly a more dangerous facility where could be stabbed which can[']t yell for help because of [paralyzed] vocal cord or limited on the grievances filed." *Id.* He seeks monetary relief and wishes to proceed with this action *in forma pauperis.*

## II.    Analysis

Lettieri is a "prisoner" as defined in 28 U.S.C. § 1915(h) and is subject to the provisions of the Prison Litigation Reform Act of 1996 ("PLRA"). The PLRA "enacted a variety of reforms designed to filter out the bad [prisoner] claims and facilitate consideration of the good." *Jones v. Bock*, 549 U.S. 199, 204 (2007). One of those reforms restricted the ability of courts to allow prisoners to proceed *in forma pauperis* under what is commonly described as the "three strikes" provision. *See* 28 U.S.C. § 1915(g); *Orr v. Clements*, 688 F.3d 463, 464 (8th Cir. 2012). It provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Thus, under the three strikes provision, if a prisoner has brought three or more actions in federal court that were dismissed as frivolous, malicious, or for failure to state a claim, the prisoner cannot proceed again in federal court *in forma pauperis.*

2

Publicly available federal court records show that since 2023, Lettieri has filed several cases in federal district courts across the country.[1] At least three of those cases were brought by Lettieri while incarcerated and were dismissed for failure to state a claim upon which relief may be granted. *See Lettieri v. Daniels*, No. 1:23-cv-00867 (W.D.N.Y. Oct. 16, 2023); *Lettieri v. Federal Marshals*, No. 4:23-cv-02202 (N.D. Ohio Nov. 30, 2023); and *Lettieri v. T-Mobile*, No. 2:24-cv-00028 (W.D. Wash. Apr. 18, 2024). As a result, this Court cannot grant him leave to proceed *in forma pauperis* unless his complaint demonstrates that he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).

Having thoroughly reviewed and liberally construed Lettieri's complaint, the Court finds that it does not show that he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g). The only physical injury Lettieri alludes to is possible transfer to another facility where he says he might be harmed. Lettieri's allegations are entirely conclusory, and too speculative to establish ***imminent*** danger of serious physical injury. As such, this Court cannot grant Lettieri leave to proceed *in forma pauperis*. *Id.* The Court will deny Lettieri's motion and give him twenty-one (21) days to pay the $405 filing fee.

---

[1] At least one of those courts has deemed him a vexatious litigant and restricted his ability to file cases. *See* In re: *David C. Lettieri*, No. 1:23-mc-00032 (W.D.N.Y. Oct. 24, 2025).

**IT IS HEREBY ORDERED** that Lettieri's Motion to Proceed in Forma Pauperis (Doc. 2) is **DENIED.**

**IT IS FURTHER ORDERED** that Lettieri shall pay the $405 filing fee within twenty-one (21) days of the date of this Order.  Lettieri's failure to timely pay the $405 filing fee will result in the dismissal of this case.

Dated this 14th day of January, 2026.

*Maria A. Lanahan*
MARIA A. LANAHAN
UNITED STATES DISTRICT JUDGE